WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April, 1886.

## MEAD v. JENKINS.

*In the matter of the disposition of the real property of* JOHN P. JENKINS, *deceased, for the payment of his debts.*

Where the decree of a Surrogate's court has been reviewed by the Supreme court, and the matter remitted to the former with directions to proceed therein, it is for the Surrogate's court to decide as to the sufficiency, to stay its further action in the premises, of an undertaking given by a party, on appeal from the judgment of the Supreme court to the Court of Appeals.

An appeal, to the Court of Appeals, from a judgment of the Supreme court modifying a Surrogate's decree which determined the amount of a creditor's claim in a special proceeding for the disposition of decedent's real property, is not an " appeal taken from a judgment for a sum of money, or from a judgment or order directing the payment of a sum of money," within the meaning of Code Civ. Pro., § 1327, relating to security upon appeal. That section contemplates an appeal from a judgment or order fixing upon the appellant a personal liability to pay a specified sum of money.

Nor is such an appeal within the purview of Code Civ. Pro., § 1331, prescribing the security requisite to stay the execution of a judgment or an order "directing the sale of real property."

Accordingly, where a party appealing from a judgment of the Supreme court, of the character mentioned, files a general undertaking, as prescribed by Code Civ. Pro., § 1326, "to the effect that he will pay all costs and damages which may be awarded against him on the appeal, not exceeding five hundred dollars," all further proceedings in the Surrogate's court are stayed during the pendency of such appeal.

THE facts appear sufficiently in the opinion.

S. SERGEANT, *for the petitioner:*

Cited Code Civ. Pro., § 1327 and § 1312, subd. 1.

M. L. COBB, *and* S. S. MARSHALL, *for administrators, widow and heirs.*

THE SURROGATE.—An appeal was taken by George W. Mead, a creditor of John P. Jenkins, deceased, from a decree of this court directing a sale of certain real estate, of which the intestate died seized, for the payment of his claim, which, after litigation, was fixed at $145 and interest (3 *Dem.*, 551). Mead claimed a much larger sum to be due to him, and the general term of the Supreme court reversed the decree of this court on that point, found the amount of his claim to be $1,139.06, and interest, with costs, and remitted the matter to this court with directions to proceed accordingly. Stephen M. Sherwood and Mary E. Jenkins, the administrators, and Mary E. Jenkins as the widow, and two of the heirs at law, have appealed from the decision of the general term to the Court of Appeals, by two attorneys, and have filed two undertakings, each conditioned to pay all costs and damages that may be awarded against them, not exceeding the sum of five hundred dollars. One of the undertakings is on the appeal of the administrators, the widow, and Evelyn Watson, an heir at law, and the other on the appeal of Robert C. Jenkins, also an heir at law.

This court is now asked to proceed in the matter as directed by the appellate court, on the ground that the undertakings given are insufficient to stay the proceedings, because they are not conditioned to pay the amount of the debt as fixed by the latter court, as required by § 1327 of the Code. It would seem, therefore, that this court must determine as to the sufficiency or insufficiency of these undertakings to stay its further action in the premises.

The sole object of requiring appellants to give undertakings appears to be to secure respondents against possible and probable loss resulting from the damage and injury which might be caused by appealing. For instance, if the judgment were for a sum of money, or a judgment or order directing the payment of a sum of money, if the appellant, pending the appeal, were to become bankrupt, or to so dispose of his property as to render the ultimate affirmance of the judgment or order fruitless, it would be encouraging the unscrupulous to cast cheap obstacles in the way of his creditor to the recovery of what was justly due to him. Hence § 1327 guards against such untoward results. So, in actions of ejectment, and of foreclosures of mortgages, care is taken by § 1331, that those who may recover, shall not be damaged and injured by appeals. The same legislative wisdom has thrown safeguards, against such results, about other cases where appeals are permitted. There seems to be no reason for such a rule in a case like this.

The appeal from the judgment of the general term cannot, in this instance, be regarded as an appeal " taken from a judgment for a sum of money, or from a judgment or order directing the payment of a sum of money," within the meaning of § 1327. That seems to contemplate the case of an appeal from a judgment or order which adjudges the appellant to be personally liable to pay a fixed sum of money. Here, neither the administrators, the widow, nor the heirs at law are adjudged to pay anything. This is a proceeding *in rem*. The real estate of the deceased

alone, is liable to pay such sums as may be established as liens upon it. If it sell for less than the claims as allowed, there is no liability resting upon any of the appellants to pay the deficiency; and none of them are in the occupation of the premises sought to be sold. Hence, it would appear that neither the above section, nor § 1331, can be regarded as applicable.

Counsel for the respondent in the appeal also refers to subd. 1 of § 1312, as governing in this matter. That subdivision is to the effect that the court to which the appeal is taken may make an order dispensing with or limiting the security required to stay the execution of a judgment, where the appellant is an executor, administrator, trustee, or other person acting in another's right. In the first place, the administrators are not the sole appellants, and in the second place, they cannot be said to be acting in others' rights. The widow and heirs at law are here acting in their own interests, and with which the administrators, as such, have nothing to do. They are made necessary parties by the statute, and have no concern in the real estate, other than to obey the orders which may be made touching the sale. In doing that, they will be acting as much in the rights of the creditor, the respondent, as in the rights of the widow and heirs.

For these reasons, the appellants having given the notices of appeal, and undertakings as required by § 1326 of the Code, I think they have so perfected their appeals as to stay all further proceedings here.